The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL HORWITZ, DAVID LAYTON, RICHARD JOHNSON, and a class of similarly situated individuals, Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, an agency of the STATE OF WASHINGTON, Defendant. | No. 2:22-cv-01555 BJR<br><br>**DEFENDANT UNIVERSITY OF WASHINGTON'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 1

SUMMARY OF ARGUMENT ...................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

I.   LEGAL STANDARD ......................................................................................................... 5

II.  PLAINTIFFS' BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED .......... 5

    A.   The Complaint fails to plausibly allege any duty. ................................................. 6

        1.   Federal tax law imposes no duty on plan administrators to manipulate or ignore their participants' elected deferral rates to maximize employer-matching contributions. ............................................. 6

        2.   The language of the Plans does not impose, and in fact disclaims, a duty to plan participants to alter elective deferral rates in favor of maximizing UWRP employer-matching contributions. .......................... 8

        3.   The University does not owe express or implied fiduciary duties to plan participants under Washington state law. ........................................ 8

    B.   The Complaint fails to plausibly allege any breach of a duty ............................. 11

III. PLAINTIFFS' MANDATORY CLASS ALLEGATIONS SHOULD BE DISMISSED ...................................................................................................................... 12

IV.  NO BASIS LIES FOR EXEMPLARY DAMAGES AND ATTORNEY'S FEES ........ 13

CONCLUSION ............................................................................................................................. 14

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

# INTRODUCTION

Defendant University of Washington ("University" or "Defendant") hereby moves to dismiss Plaintiffs' Complaint (ECF. No. 1-1) with prejudice in its entirety for failure to state a claim. The Complaint fails to state a claim for breach of contract (the sole cause of action), because Plaintiffs do not (and cannot) allege that the University owed retirement plan participants any duty to maximize potential employer contributions under one retirement plan by overriding participants' contribution elections to another plan. No such duty exists—either under federal tax law, the express terms of the retirement plans, or any other source. Moreover, the Complaint fails to plausibly allege the University did anything but comply with federal tax law and the terms of the plans, and accordingly, the University could not have breached this phantom duty. Additionally, the University moves to dismiss Plaintiffs' allegations seeking (i) certification of a mandatory class and (ii) exemplary damages plus attorney's fees. In accordance with the Court's Standing Order (ECF No. 12), counsel for the University hereby certifies that the parties conferred on November 15th, 2022, and determined that filing the present motion to dismiss could not be avoided.

# STATEMENT OF FACTS[1]

The Complaint alleges that the University, in its administration of two retirement plans—the University of Washington Retirement Plan and the University of Washington Voluntary Investment Program—breached a duty to plan participants who did not receive the maximum amount of potential employer-matching contributions to their UWRP accounts.[2] Plaintiffs Marshall Horwitz, David Layton and Richard Johnson are University faculty and staff members who are enrolled in the UWRP and UWVIP. Cmpl. ¶¶ 1, 37, 38, 55, 56, 81, 82. Plaintiffs seek to

---

[1] The Statement of Facts are taken from the Complaint for purposes of this motion to dismiss only.

[2] The Court may take judicial notice of (1) the University of Washington Retirement Plan (UWRP) Amended and Restated, Effective January 1, 2019 and First Amendment thereto (the "UWRP"); and (2) the University of Washington Voluntary Investment Program (VIP) Amended and Restated, Effective January 1, 2019 and First Amendment thereto (the "UWVIP," and collectively with the UWRP, "Plans"), which are incorporated by reference in the Complaint (Cmpl ¶¶ 4, 6) and attached to the Declaration of Amy Jane Longo in Support of Motion to Dismiss as Exhibits A and B, respectively. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 1
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

represent a purported class of plan participants who contributed the maximum applicable amounts permitted under federal tax law to the Plans from 2018 to present. Cmpl. ¶¶ 18, 23-25.

**The UWRP and UWVIP.**  Under the UWRP's terms, participants must contribute a mandatory 5% (if under 35) or 7.5% (if 35 or older) of eligible pre-tax compensation to the plan over the course of the year. Cmpl. ¶ 8; UWRP §§ 4.1, 4.3. For all relevant years, participants 50 or older may elect—by opting in or out depending on the year—whether to contribute an additional 2.5% to the UWRP. Cmpl. ¶¶ 9, 10; UWRP § 4.1.[3] The University matches employee UWRP contributions ratably as they are made, *i.e.*, at each "pay period" throughout the year. Cmpl. ¶ 9; UWRP § 4.1 ("UW will make a matching contribution equal to each Participant contribution"). The UWRP does not permit loans or hardship withdrawals. UWRP § 7.5.

Under the UWVIP's terms—among other differences—the University does not match an employee's contributions. UWVIP participants may elect to contribute up to 75% of their eligible compensation (their UWVIP elective deferral rate); must designate the contribution as pre-tax or Roth; and may take certain loans or hardship withdrawals. Cmpl. ¶ 11; UWVIP §§ 3.1, 4.1, 6.3, 6.6.

**Federal Tax Contribution Limits.**  Both the UWVIP and UWRP are intended to be subject to Section 403(b) of the Internal Revenue Code, 26 U.S.C. § 403(b). UWRP § 1; UWVIP § 1.1. To maintain IRC § 403(b) tax treatment under federal law, plan contributions are subject to and limited by federal tax contribution limits (among other conditions). *See* Cmpl. ¶ 13; UWRP § 4.11; UWVIP §§ 4.4-4.5. Elective contributions, which include all UWVIP contributions and additional, optional 2.5% UWRP contributions for participants aged 50 and older, are subject to the IRC § 402(g) elective deferral limit. 26 U.S.C. § 402(g); *see* Cmpl. ¶ 13. All contributions, including mandatory contributions and UWRP employer-matching contributions, are subject to the IRC § 415(c) annual additions limit.[4] 26 U.S.C. § 415(c); *see* Cmpl. ¶ 13. Contributions for

---

[3] That additional 2.5% for persons 50 or older who contribute 10% to UWRP is accordingly an elective contribution subject to the IRC 402(g) elective deferral limit for all relevant years (discussed further, below).

[4] By way of illustration, for the 2021 tax year, the 402(g) elective deferral limit was $19,500 and the 415(c) annual additions limit was $ 58,000. For persons over 50, these limits are $6,500 greater ("catch-up" contributions). 26

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 2
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

persons hired on or after July 1, 1996, are further subject to an IRC § 401(a)(17) annual compensation limit. 26 U.S.C. § 401(a)(17).[5] Participants such as Plaintiffs who "front load" UWVIP contributions—*i.e.*, select a high UWVIP elective deferral rate—may contribute enough funds to hit the § 415(c) total annual addition limits before the year's end. Cmpl. ¶¶ 39-41, 57, 59, 85. If this occurs, the University must cease contributions to both Plans for the rest of the year. 26 C.F.R. § 1.415(a)-1(d)(1); IRS, 403(b) Plan Fix-It Guide (Nov. 1, 2022), https://www.irs.gov/retirement-plans/403b-plan-fix-it-guide-your-403b-plan-doesnt-limit-the-total-employer-and-employee-contributions-to-not-exceed-the-irc-section-415c-limits ("The employer has responsibility for making certain the plan contributions don't exceed the IRC Section 415(c) limits.")

***Plaintiffs' Allegations.*** The Complaint alleges, erroneously, that the Plans require the University to ensure that participants receive maximum possible UWRP employer-matching contributions over the course of the plan year, even if it means disregarding the participants' UWVIP elective deferral rates. Cmpl. ¶¶ 8, 15, 17, 19, 20. The Complaint further alleges that the University has a duty under federal tax law to alter a participant's UWVIP elective deferral rate, arguing that the University "clawed back" UWRP employer contributions contrary to federal tax law procedures for correcting excessive contributions while maintaining a plan's tax preferential status. Cmpl. ¶¶ 22, 29, 97.

Plaintiffs Horwitz, Layton and Johnson allege that they were deprived of approximately $14,000, $912.69, and $113.04 in UWRP matching employer contributions, respectively, from approximately 2017 to 2021. Cmpl. ¶¶ 48, 73, 74, 85, 86. As alleged, the three Plaintiffs "front-loaded" their UWVIP contributions by selecting a high elective deferral rate, and thus reached the elective deferral limit and annual addition limit before the year's end. Cmpl. ¶¶ 40–41, 59, 84. By

---

U.S.C. § 414(v). These limits are indexed and generally adjusted annually and thus differ across years 2018 through 2021 at issue in the Complaint. See IRS, Retirement Topics – Contributions, (last updated Oct. 24, 2022), https://www.irs.gov/retirement-plans/plan-participant-employee/retirement-topics-contributions.

[5] For example, if a participant was hired after 1996, contributes 10% to UWRP, and earned $350,000 in annual compensation, the 10% contribution is $29,000 (based on the $290,000 annual compensation limit), not $35,000 (based on compensation of $350,000).

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 3
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

operation of their UWVIP elective deferral rate and the federal contribution limits, contributions to the Plaintiffs' UWRP accounts ceased, and thus Plaintiffs did not ratably receive the remaining UWRP employer-matching contribution that they would have had they not elected to "front-load" UWVIP.  Cmpl. ¶¶ 43, 60, 62, 84, 85.  Plaintiffs claim that the University should have modified their UWVIP elective deferral rates (or perhaps allowed contributions to exceed IRC annual additions limit and then "claw[ed] back" contributions), to ensure Plaintiffs received the maximum UWRP employer contributions.  *See* Cmpl. ¶¶ 8, 13, 19-22, 26-29.  Plaintiffs seek certification of a mandatory class action under rules 23(b)(1) and 23(b)(2); a declaration "that the University may not claw back promised employer contributions;" an injunction "requiring the University to apply the plan correctly in the future;" "[i]ncidental monetary relief" for the missed retirement contributions; exemplary damages and attorney's fees for "willful withholding of wages;" omitted contributions; lost investment returns; and lastly, interest.  Cmpl. ¶¶ A-I.

<u>**Procedural Posture.**</u>  Plaintiffs filed the Complaint in King County Superior Court on September 22, 2022.  The University removed the action on November 2, 2022.  *See* ECF No. 1.

## SUMMARY OF ARGUMENT

Plaintiffs' claim for breach of contract must be dismissed because the Complaint fails to establish the existence of any relevant duty.  Neither federal claw back procedures for excess contributions, the express terms of the Plans, nor any express or implied fiduciary duties under Washington law, require the University to modify employees' elective deferral rate or otherwise ensure Plaintiffs receive maximum-possible UWRP employer-matching contributions.  No such duty under federal tax law could exist, because to permit excess contributions only to claw them back—or to alter or fail to implement a participant's elective deferral rate—would violate federal tax law.  Moreover, Plaintiffs cannot plausibly allege that the University breached its commitments under the Plans, which provide participants with full discretion to determine their own UWVIP elective deferral rates consistent with federal tax law and the Plan Agreements.  Overriding participants' Plan elections—as Plaintiffs contend the University should have done—would therefore violate the terms of the Plans as well as the federal tax code.  Additionally, Plaintiffs'

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 4
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

request to represent a mandatory (rather than an opt-out) class should be dismissed because it violates due process where, as here, Plaintiffs' primary claim is for money damages. Last, Plaintiffs fail to state a claim for exemplary damages and attorney's fees because the Complaint does not plausibly allege willful retention of wages under Washington's wage theft statute.

## ARGUMENT

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78. "When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party, accepting all well-pleaded facts as true and drawing all reasonable inferences in the non-moving party's favor." *McKenzie v. GIECO Marine Ins. Co.*, 2022 WL 16636431, at *2 (W.D. Wa. Nov. 2, 2022) (citing *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The Court "is not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Id.* (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### II. PLAINTIFFS' BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

Plaintiffs' breach of contract claim fails because they do not, and cannot, plead that the University breached any duty owed to plan participants. To plead a breach of contract under Washington law,[6] a plaintiff must establish that defendant owed a duty and breached that duty.

---

[6] Washington law determines the elements for a breach of contract action. *Providence Health Sys. Washington v. Bush*, 461 F. Supp. 2d 1226, 1237 (W.D. Wash. 2006); Cmpl. ¶ 7. Because the University is a state agency, its retirement plan is not governed by the Employee Retirement Income Security Act of 1974. *See* 29 U.S.C. § 1002(32); *Navlet v. Port of Seattle*, 164 Wn.2d 818, 831 (2008); Cmpl. ¶ 7.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 5
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

*Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wash. App. 743, 757 (2007).  Plaintiffs claim that the University was obligated to override plan participants' UWVIP elective deferral rates to maximize the University's UWRP-match.  But as federal tax law, the Plans' terms, and Plaintiffs' own allegations demonstrate, the University neither had a duty to do so, nor could it be found to have breached such a duty if it did.

>  **A.  The Complaint fails to plausibly allege any duty.**
> 
>  **1.  Federal tax law imposes no duty on plan administrators to manipulate or ignore their participants' elected deferral rates to maximize employer-matching contributions.**

Plaintiffs assert that the University violated federal tax claw-back procedures for excess contributions.  Cmpl. ¶ 97 (alleging that the University "claw[ed] back guaranteed employer contributions in violation of the contract terms and [federal] tax law").  Plaintiffs claim that this alleged breach of federal tax claw-back procedures—which require that plan administrators distribute excessive contributions from unmatched funds first—breaches the Plans because "the University incorporates the tax law" into the Plans.  *Id.* ¶¶ 19, 20.  As a result, Plaintiffs allege, the University had a duty to notify participants of any excess contribution or otherwise ensure that they receive the maximum possible UWRP employer-matching contributions.  *Id.* ¶¶ 22, 26-29.  Plaintiffs' claim for violation of any duty under federal tax law fails for two reasons.

*First*, Plaintiffs fail to plausibly allege that federal tax law creates a duty between a plan administrator and a plan participant.  The IRS webpage Plaintiffs cite sets out how a plan administrator can maintain a plan's preferential tax treatment if a participant exceeds a contribution cap, by utilizing the IRS's Employee Plan Compliance Resolution System's ("EPCRS").  *See* Cmpl. ¶ 20 (citing IRS, *Fixing Common Plan Mistakes*, https://www.irs.gov/retirement-plans/fixing-common-plan-mistakes-failure-to-limit-contributions-for-a-participant).  The EPCRS provides procedures for fixing common plan mistakes, including unintentional excess contributions, failure to implement a participant's elective deferral rate, and other ministerial errors.  These federal tax procedures, however, do not establish a "duty" to claw back contributions

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 6
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

to one retirement plan in order to maximize employer-matching contributions from another. Rather, these EPCRS procedures for correcting common administrative mistakes are just that—procedures. At most, compliance with their conditions are duties owed by an employer to the IRS in exchange for certain preferential tax treatment of their retirement plans. Indeed, failing to implement an employee's election is a correctable *failure* under EPCRS (Rev. Proc. 2021-30 Appendix A.05(5)(a) ("Failure to implement an employee election")—yet Plaintiffs contend that the University should have purposefully committed such a failure by overriding participants' elections. Cmpl. ¶¶ 18, 26. To the extent Plaintiffs contend the University should have continued to contribute UWRP employer-matching contributions in violation of contribution limits, then clawed back UWVIP employee contributions (*see e.g.*, Cmpl. ¶¶ 8, 18, 20, 21, 22, 27-29)—effectively modifying elective deferral rates retroactively—that fundamentally misunderstands the EPCRS and that excess contributions are impermissible. The EPCRS does not permit *intentionally violating contribution limits*—even to eventually claw back other contributions—and such a scheme would put a plan's tax-advantaged status at risk. Rev. Proc. 2021-30, Section 11.04 (requiring such "significant operational failures" to "ensure that the same failures will not recur."); *see* 26 C.F.R. § 1.403(b)-3(b)(3).

*Second*, while Plaintiffs repeatedly refer to clawing back "excess contributions," the Complaint's factual allegations do not match the meaning of that term under federal tax law. An "excess contribution" is one that exceeds a federal contribution limit. *See* 26 C.F.R. § 1.403(b)-4(f) ("Any contribution made for a participant to a section 403(b) contract for the taxable year that exceeds the maximum annual contribution . . . or elective deferral limit . . . constitutes an excess contribution"). To "claw back" excess contributions refers to distributing them from a plan's trust, annuity contract, or custodial account. *Id.* The Complaint, however, does not allege that any contributions ever *exceeded* an IRS limit. It merely alleges that the University permitted Plaintiffs (in accordance with their UWVIP elective deferral rate) to *hit* limits before receiving the maximum possible UWRP employer-matching contributions that are made ratably throughout the year. Cmpl. ¶¶ 14, 46, 75-78, 84-86, 90. In short, the Complaint fails to establish any duty under federal

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 7
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

tax excess contribution claw back procedures because it does not allege any funds were contributed over an IRS limit in the first place.

### 2. The language of the Plans does not impose, and in fact disclaims, a duty to plan participants to alter elective deferral rates in favor of maximizing UWRP employer-matching contributions.

Just as federal tax law does not create a duty to alter Plaintiffs' UWVIP elective deferral rates to maximize Plaintiffs' UWRP employer-matching contributions, neither do the terms of the Plans themselves. The UWRP provides that the University must match participants' UWRP contributions, *see* UWRP § 4.1, but nothing in either Plan requires the University to predict when participants might hit an applicable IRS contribution limit as a result of their UWVIP elective deferral rates, notify or advise participants before they reach a limit, or override participants' elective deferrals. The Plans disclaim any such duty, providing that the University has the "sole discretion" to return excess contributions. *See* UWRP § 4.11; UWVIP § 4.5 (same). More broadly, both Plans give the University discretion and authority in construing Plan terms, which "shall be given deference, if [they are] subject to judicial review, and . . . overturned only if [they are] arbitrary and capricious."[7] UWRP § 8.2; UWVIP § 8.2 (same). Indeed, the Complaint recognizes that the University has construed the Plans not to require that it ensure participants' UWVIP elective deferral rates maximize UWRP employer-matching contributions. *See e.g.*, Cmpl. ¶ 85 ("*ultimately you, as the employee, are responsible for your elections and should monitor your contributions*" (emphasis added)).

### 3. The University does not owe express or implied fiduciary duties to plan participants under Washington state law.

While Plaintiffs claim that "[t]he University has a fiduciary duty to plan participants as the plan administrator, as well as a contractual duty," *see* Cmpl. ¶ 16, the Complaint does not assert a

---

[7] The Complaint alludes to but does not state a claim under *Bakenhus v. City of Seattle*, 48 Wn.2d 695, 698 (1956) (see Cmpl. ¶ 32). No allegation in the Complaint describes a retroactive plan amendment or impairment of public contracts, and *Bakenhus* is inapplicable because the "contractual language" here "expressly informed employees that [the University] retained discretion." *Storti v. Univ. of Washington*, 172 Wn. App. 1029 (2012).

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 8
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

breach of fiduciary duty claim. Nor could it—neither Plan speaks of any fiduciary duty owed by the University, and the Complaint does not establish any duty on the University to override UWVIP elective deferral rates to maximize UWRP employer-matching contributions.

"Whether a [fiduciary] duty exists is a question of law." *Retired Pub. Emps. Council of Wash. v. Charles*, 148 Wash. 2d 602, 608 (Wash. 2003). Under Washington law, the state's pension plans "are not trusts," nor is the plan administrator "a trustee or fiduciary of those funds." *Id.* Put simply, the University owes no fiduciary duties under Washington law—full stop.

Nor can an implied fiduciary duty be created through any Plaintiff's alleged reliance on the University's communications. *See* Cmpl. ¶ 44. For an implied fiduciary duty to exist, Washington law requires that a contracting party with "superior knowledge" induces reliance, *see Liebergesell v. Evans*, 93 Wn.2d 881, 889-91 (Wash. 1980), but the University does not have superior knowledge about plan participants' retirement goals. Some participants may want to maximize UWRP employer-matching contributions. However, others may need ongoing access to funds in case of hardship or certain expenses (like purchasing a home), in which case, the UWVIP provides greater flexibility. *Compare* UWRP § 7.5 (prohibiting loans and hardship withdrawals), *with* UWVIP §§ 6.3, 6.6 (permitting them). And still more may want to maximize Roth contributions or prioritize time in the market by "front loading" UWVIP contributions. *See* Cmpl. ¶¶ 40-41; UWRP § 4.3 (UWRP contributions are pre-tax); UWVIP § 3.1 (providing Roth contributions).

Plaintiffs likewise cannot show that the University induced reliance. Plaintiffs' isolated interactions with the University's human resources staff referred to in the Complaint, Cmpl. ¶¶ 42-46, 65-67, 72, 80, 84-85, do not withstand scrutiny. First, while the Complaint alleges that the University had automatically ceased making contributions to the UWVIP in order to maximize employer contributions to the UWRP for one Plaintiff for over a decade, that allegation is contradicted in the Complaint by a later statement that sometimes the University "did not correct the non-matching contribution amount in time"—which prompted Dr. Horwitz to contact human resources to modify his election. *Compare id.* ¶ 42 *with id.* ¶¶ 43, 45. The series of emails from another Plaintiff cited in the Complaint, ¶¶ 63-72, establish that Plaintiffs did *not* rely on the

MOTION TO DISMISS COMPLAINT- 9
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

University to maximize UWRP employer contributions for them—thus the repeat inquiries.

Instead, the Complaint is replete with examples of the University's unambiguous statements that participants are responsible for selecting their UWVIP elective deferral rate—not the University. *See, e.g., id.* at ¶¶ 43, 85. The allegations in the Complaint make clear that the University's willingness to help Plaintiffs understand and manage their elections did not change the fact that participants are ultimately responsible for decisions about allocating their contributions to the Plans. For instance, in the first email the Complaint highlights, the University's representative said nothing to suggest a duty, but merely stated they "keep track of contributions going into the UWRP and VIP account *to try* and prevent employees from going over the IRS limit." *Id.* ¶ 43 (emphasis added). For another Plaintiff, the University's representative made clear that Plaintiffs are responsible for their own elections, stating: "[w]e are operating on the assumption that you have authorized a retirement deferral election and *we are obligated to take the election you made. We are willing to work with you to optimize your contributions, but ultimately you, as the employee, are responsible for your elections and should monitor your contributions*." *Id.* ¶ 85 (emphasis added). Indeed, on similar facts to those alleged, Washington Supreme Court declined to find that the University induced employees to rely on social security withholding calculations. *See Pope v. Univ. of Wash.*, 121 Wash. 2d. 479, 492-93 (Wash. 1993) (University did not induce employees to rely on University-prepared social security withholding calculations for their retirement planning).

The University's publicly available retirement plan website also informs participants that they bear the responsibility for allocating their contributions appropriately, and that the contributions to the UWRP and the UWVIP are aggregated for purposes of IRS limits. *See* University of Washington Human Resources, *UW Retirement Plan*, https://hr.uw.edu/benefits/retirement-plans/uw-retirement-plan/ ("If you have both a UWRP account and a [UWVIP] account *you need to make sure* the combined total of all contributions (including the

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 10
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

employer match) from both plans don't exceed the IRS annual limits." (emphasis added).[8]  The website further details federal tax contribution limits and the plans that contribute to it.  *Id.*  The Complaint does not allege (nor could it) that the University's website or the Plan documents suggest the University would be responsible for optimizing participants' UWRP match.

### B.  The Complaint fails to plausibly allege any breach of a duty.

The Complaint also fails to allege that the University breached a duty (which does not exist) to ensure that plan participants' UWVIP elective deferral rates maximized UWRP employer-matching contributions.  *See Ewert v. eBay, Inc.*, 602 F. App'x 357, 359 (9th Cir. 2015).  To the contrary, the allegations in the Complaint indicate only that the University complied with the terms of the Plans and applicable federal tax law by adhering to participants' own retirement plan elections.  A participant could reasonably prefer placing marginal dollars in UWVIP rather than UWRP, forgoing the UWRP employer match, for a litany of reasons. *First*, some participants (like Plaintiffs) prefer to front-load UWVIP contributions to increase time-in-the-market.  *See* Cmpl. ¶ 40.  This is not an option for the UWRP, where contributions must be made ratably throughout the year.  UWRP § 4.1.  *Second*, participants may prefer UWVIP contributions to maximize Roth retirement funds because the UWRP only allows pre-tax contributions.  UWVIP § 3.1; UWRP § 4.3.  *Third*, the UWVIP allows loans, as well as age 59.5 in-service and hardship distributions.  UWVIP §§ 6.3, 6.6.  Participants considering buying a home may prefer UWVIP contributions to ensure that they could access sufficient capital for a down payment—whereas their UWRP contributions would be locked away.  UWRP § 7.5.  *Fourth*, UWVIP contributions do not offset supplemental retirement plan contributions—a third retirement plan available to certain qualifying faculty members including two Plaintiffs—while UWRP contributions do, so contributing to UWVIP and foregoing some UWRP employer match may maximize total retirement savings.

For these reasons, plan participants are and should be allowed to choose how they allocate their contributions between the UWRP, the UWVIP, and other available retirement options.  The

---

[8] The Court may take judicial notice of the plan website, attached to the Declaration of Amy Jane Longo in Support of Motion to Dismiss as Exhibit C.  *See Branch*, 14 F.3d at 453-54.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 11
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

fact that the University did not override Plaintiffs' choices is not indicative of any breach of a (non-existent) duty, but rather evidence of the University's compliance with the terms of the Plans and applicable tax law. *See Keeley v. Travelers Home & Marine Ins. Co.*, 2016 WL 3405493, at *3-4 (W.D. Wa. June 21, 2016) (dismissing breach of contract claim).

### III.    PLAINTIFFS' MANDATORY CLASS ALLEGATIONS SHOULD BE DISMISSED

This Court should dismiss Plaintiffs' mandatory class allegations and relief because Plaintiffs' sole breach of contract claim is primarily for money damages, and a mandatory class action would therefore violate due process.[9]  *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 363 (2011) ("In the context of a class action predominantly for money damages we have held that absence of notice and opt out violates due process.") (citing *Phillips Pet. Co. v. Shutts*, 472 U.S. 797, 812, (1985)); *Sitton v. State Farm Mut. Auto. Ins. Co.*, 116 Wn. App. 245, 253 (2003) ("[W]hen plaintiffs are seeking monetary damages, certification under (b)(1) or (b)(2) violates due process unless the monetary damages sought are merely incidental to the primary claim for injunctive or declaratory relief." (cleaned up)).  "Plaintiffs have failed to make a *prima facie* showing that the class action requirements" are met, and cannot "show that discovery could cure these defects." *Bund v. Safeguard Props., LLC*, No. C15-1773 MJP, 2016 WL 11530734, at *3-4  (W.D. Wash. Mar. 2, 2016) (granting motion to dismiss class allegations); *see Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009); Fed. R. Civ. P. 23(c)(1)(A).

Here, the Complaint *only* seeks certification of a mandatory class, under 23(b)(1)(B) or (b)(2).[10]  *See* Cmpl. ¶¶ 95-96; A.  It does *not* seek to certify a permissive 23(b)(3) damages class—even in the alternative—and conclusorily asserts that the damages sought for the sole breach of contract cause of action are "incidental" to the declaratory and injunctive relief they seek.  *See* Cmpl. ¶ 95-96.  However, money damages are the heart of the Plaintiffs' claim:  throughout,

---

[9] The University expressly reserves and does not waive any right or argument to oppose a motion to certify the class, including on the bases that the class does not meet Federal Rules of Civil Procedure or constitutional requirements.

[10] That Plaintiffs' Complaint was originally filed in state court does not alter the analysis.  Washington Civil Rule 23(b) and Federal Rules of Civil Procedure Rule 23(b) are substantively identical, and in any event, a mandatory class action primarily for money damages violates due process under controlling precedent for both rules. *Dukes,* 564 U.S. at 363(U.S.); *Sitton*, 116 Wn. App. at 253 (Washington).

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 12
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

1  Plaintiffs contend that the University breached a contractual duty by shorting them hundreds or
2  thousands in employer-matching contributions. *E.g., Cmpl.* ¶¶ 48, 74, 78, 86.  Their requests for
3  non-monetary relief, meanwhile, warrant just a few lines. *Id.* ¶ 90 (seeking an injunction barring
4  the University from clawing back University-matches and requiring it to notify faculty of excess
5  contributions and afford time to correct).  Plainly, seeking to certify a mandatory class, and
6  summarily calling the damages sought "incidental" to a breach of contract claim, is an attempt to
7  escape Rule 23(b)(3)'s predominance, superiority, notice, and opt-out requirements for damages
8  class actions—but due process does not permit the maneuver. *See Dukes,* 564 U.S. at 363; *see*
9  *also Sitton*, 116 Wn. App. at 253 ("damages are not incidental" and mandatory class violates "due
10 process" when group remedies "follow only if their contract and tort theories succeed").

## IV. NO BASIS LIES FOR EXEMPLARY DAMAGES AND ATTORNEY'S FEES

12      Plaintiffs' exemplary damages under Washington's wage theft provisions should be
13 dismissed because Plaintiffs cannot plausibly allege that the University matches are wage or that
14 the University willfully intended to deprive them of wages. *See* Cmpl. ¶¶ E, F.  Under RCW
15 49.48.030, attorney's fees are available only if a plaintiff is successful in recovering a judgment
16 for wages.  Similarly, RCW 49.52.070 provides that employees are entitled to double damages
17 only when their employer "[w]ilfully and with intent to deprive [them] of any part of [their] wages,
18 pay[s] [them] a lower wage than the . . . employer is obligated to." RCW 49.52.050.

19      These provisions do not apply because employer-matching contributions are not
20 "compensation due to an employee by reason of employment," RCW 49.46.010(2) (defining
21 wages), and are therefore not wages.  The UWRP defines compensation as "the amount paid by
22 UW to a Participant as regular pay for normally scheduled hours" (UWRP § 2.7) and makes clear
23 that the UWRP-match is not compensation. *See* UWRP § 4.1 (explaining that "UW will make a
24 matching contribution" to employee-contributed "Compensation.").  The UWRP further makes
25 clear that participants are not entitled to employer-matching contributions merely "by reason of
26 employment," RCW 49.46.010(2), but solely by reason of the employee's UWRP contributions,
27 subject to contribution limits.  UWRP §§ 2.17, 4.1, 4.11.  UWRP matches are thus not wages.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 13
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

But most importantly, the Complaint does not plausibly allege that the University has "willfully and with intent" deprived Plaintiffs of wages (or anything).  Plaintiffs' only supporting contention is that, "[b]ecause the University acknowledged that the claw back is an 'error'"—a baseless assertion—"[its] conduct was willful."  Cmpl. ¶ 97.  This conclusory allegation makes no sense: acknowledging an *error* implies a *lack of willful intent* to deprive.  As the Complaint shows (*e.g.*, Cmpl. ¶ 85), the University (rightly) holds the *bona fide* belief that it is not obliged to contribute employer-matching contributions contrary to an employees' elections and IRS limits, which is dispositive of these claims.  *See McAnulty v. Snohomish Sch. Dist. 201*, 9 Wash. App. 834, 838 (1973) ("An employer [does] not willfully withhold wages . . . where [it] has a bona fide belief that [it] is not obligated to pay them.").  Therefore, Plaintiffs' requests for exemplary damages and attorney's fees must be dismissed because they do not plausibly allege that matches constitute wages or that the University willfully withheld wages.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint should be dismissed with prejudice.

Submitted: November 18, 2022

ROPES & GRAY LLP
*Attorneys for Defendant University of Washington*

By */s/ Amy Jane Longo*
Amy Jane Longo (Admitted *Pro Hac Vice*)
10250 Constellation Blvd.
Los Angeles, CA 90067
Telephone: 310-975-3269
Email: Amy.Longo@ropesgray.com

By */s/ Daniel V. Ward*
Daniel V. Ward (Admitted *Pro Hac Vice*)
Prudential Tower
800 Boylston St.
Boston, MA 02199
Telephone: 617-951-7703
Email: Daniel.Ward@ropesgray.com

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 14
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400

| | |
|---|---|
| 1 | By */s/ Phillip G. Kraft* |
| 2 | Phillip G. Kraft (Admitted *Pro Hac Vice*) |
|   | 1211 Avenue of the Americas |
| 3 | New York, NY 10036 |
|   | Telephone: 212-596-9150 |
| 4 | Email: Phillip.Kraft@ropesgray.com |
| 5 | |
|   | By */s/ Logan Hovie* |
| 6 | Logan Hovie (Admitted *Pro Hac Vice*) |
|   | 2099 Pennsylvania Ave. NW |
| 7 | Washington, D.C. 20006 |
|   | Telephone: 202-508-4780 |
| 8 | Email: Logan.Hovie@ropesgray.com |
| 9 | |
|   | DAVIS WRIGHT TREMAINE LLP |
| 10 | *Attorneys for Defendant University of Washington* |
| 11 | By */s/ Sheehan Sullivan* |
|   | Sheehan Sullivan, WSBA # 33189 |
| 12 | 920 Fifth Avenue, Suite 3300 |
|   | Seattle, WA 98104-1610 |
| 13 | Telephone: 206-622-3150 |
|   | Email: sulls@dwt.com |

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION TO DISMISS COMPLAINT- 15
(2:22-cv-01555 BJR)

ROPES & GRAY LLP
10250 CONSTELLATION BOULEVARD
SUITE 1750
CENTURY CITY, CA 90067-6257
T +1 310 975 3300 · F +1 310 975 3400