The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL HORWITZ, DAVID LAYTON, RICHARD JOHNSON, and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, an agency of the STATE OF WASHINGTON,<br><br>Defendant. | Case No. 2:22-cv-01555-BJR<br><br>**PLAINTIFFS' MOTION TO REMAND FOR LACK OF FEDERAL JURISDICTION** |

**PLAINTIFFS' MOTION TO REMAND
FOR LACK OF FEDERAL JURISDICTION**

Alexander F. Strong, WSBA #49839
Stephen K. Strong, WSBA #6299
David F. Stobaugh, WSBA #6376
BENDICH, STOBAUGH & STRONG, P.C.
126 NW Canal Street, Suite 100
Seattle, Washington 98107
(206) 622-3536
*Attorney for Plaintiffs*

**PL. MOTION TO REMAND**
2:22-cv-01555-BJR

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON 98107
(206) 622-3536

**TABLE OF CONTENTS**

MOTION .................................................................................................................................. 1

FACTS ..................................................................................................................................... 1

ARGUMENT

    I.   THE SUPREME COURT HOLDS THAT THE EXCEPTION ALLOWING FOR REMOVAL OF A STATE-LAW COMPLAINT WHEN THERE IS A "SUBSTANTIAL" FEDERAL ISSUE IS VERY NARROW AND REQUIRES PROOF OF SEVERAL CRITICAL FACTORS ................................................................. 1

    II.  THIS CASE HAS NONE OF THE FACTORS THAT, IN COMBINATION, PERMIT REMOVAL OF A STATE-LAW COMPLAINT AS A FEDERAL QUESTION CASE UNDER THE SUPREME COURT'S DECISIONS .......................... 4

CONCLUSION ........................................................................................................................ 7

**PL. MOTION TO REMAND** - i  
2:22-cv-01555-BJR  
\Horwitz\Federal\Pldgs\Mot Remand

**BENDICH, STOBAUGH & STRONG, P.C.**  
126 NW CANAL STREET, SUITE 100  
SEATTLE, WASHINGTON  98107  
(206) 622-3536

## MOTION

Plaintiffs move to remand this case to King County Superior Court due to the absence of subject matter jurisdiction.

## FACTS

This action was brought by faculty and staff of the University of Washington (UW) to obtain certain benefits due under UW retirement plans, essentially the loss of employer matches in some circumstances not permitted by the plans. Comp. at ¶¶8-35. Since the UW is an agency of the State of Washington, this is a governmental plan subject to Washington law, not ERISA or other federal law. *Id.* at ¶7; UW Mot. to Dismiss at 5, n. 6, citing *Navlet v. Port of Seattle*, 164 Wn.2d 818, 831 (2008). The complaint asserts that the UW violated its retirement plans, which are unilateral contracts governed by Washington law. Comp. at ¶¶6-7.

Although both plaintiffs and defendant UW agree this is a contract action brought under Washington law, Comp. at 7, UW Notice of Removal at 3, UW Mot. to Dismiss at 5, the UW removed it to federal court citing 28 USC § 1331. The Notice of Removal (at 2-3) asserts that federal tax law is part of the contract performance issues, and the UW's motion to dismiss contends that meeting tax qualification rules is not a duty of the plan administrator (UW) under Washington law and the administrator's actions were consistent with the Internal Revenue Code. UW Mot. to Dismiss at 4-12.

## ARGUMENT

**I. THE SUPREME COURT HOLDS THAT THE EXCEPTION ALLOWING FOR REMOVAL OF A STATE-LAW COMPLAINT WHEN THERE IS A "SUBSTANTIAL" FEDERAL ISSUE IS VERY NARROW AND REQUIRES PROOF OF SEVERAL CRITICAL FACTORS.**

The UW recognizes this is a contract case brought under Washington law. UW Notice of Removal at 3. It is therefore not on its face within 28 USC § 1331, *i.e.*, a claim arising under the Constitution, laws, or treaties of the United States. See also UW Mot. to Dismiss at 5, n. 6 ("Washington law determines the elements for a breach of contract action").

Although UW recognizes this contract claim is brought under Washington law and is

**PL. MOTION TO REMAND** - 1
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

governed by Washington law, *id.*, it suggests there can be federal subject matter jurisdiction because there is discussion of tax law in the complaint.  UW Notice of Removal at 2-3.  It quotes general language in a Supreme Court opinion as follows (*id.* at 2, ¶6):

> 28 U.S.C. § 1331 further confers federal courts with federal question subject matter jurisdiction over state law causes of action that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314-15(2005).

The UW does not discuss or even mention the factors considered by *Grable* and subsequent cases in deciding when a federal issue is "substantial" and a federal forum should be available.  Moreover, the Notice of Removal does not explain how *Grable* could apply here, and it plainly does not.

*Grable* was a quiet title action in which the plaintiff Grable & Sons asserted that a tax foreclosure quit-claim deed from the IRS to Darue Engineering was invalid because the IRS had seized Grable's property to satisfy a tax delinquency without personal service of the notice of seizure.  The IRS had instead served by certified mail.  545 U.S. at 310.  Defendant Darue Engineering removed the case as "arising under" laws of the United States because the case was entirely dependent on interpretation of the federal statute governing IRS tax foreclosures.  *Id.* at 312.  The U.S. Supreme Court held the case warranted federal removal jurisdiction based on a combination of several factors (*Id.* at 312-19):

1. The federal statute was an essential element of the claim, and the meaning of the federal statute was the sole issue in the case;

2. There is a strong federal interest in prompt collection of federal taxes.

3. This matter of national significance to the IRS should be decided in federal court to ensure uniformity.

4. The federal government has a "direct interest in the availability of a federal forum to vindicate its own administrative action," *i.e.*, the tax foreclosure;

5. Quiet title actions had previously been considered federal question cases when

**PL. MOTION TO REMAND** - 2
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

validity of a federal instrument was an essential part of the plaintiff's action;

6. Congress has not provided another route to protect federal interests;

7. Asserting federal jurisdiction would not open the door to bringing an increased volume of state law claims into federal court.

Based on these factors, the *Grable* court found a "clear interest the [federal] Government, its buyers, and its delinquents have in the availability of a federal forum" to decide the "dispositive and contested federal issue" in the quiet title action. *Id.* at 319-20.

*Grable* was explained shortly afterward in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006). There, the Supreme Court emphasized that very few cases can be "squeezed into the slim category *Grable* exemplifies." *Id.* at 699. In *Empire Healthchoice*, the Court examined a suit brought by a health insurer for federal employees against the estate of a former enrollee, seeking reimbursement of insurance benefits on the grounds that the enrollee had recovered damages for his injuries in a state tort action. *Id.* at 682. There, the Supreme Court found that this type of case did not "fit within the special and small category" described by *Grable*. *Id.* at 698. The Court found that "[t]he dispute [in *Grable*] centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases." *Id.* at 700. "*Grable* presented a nearly pure 'issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax sale cases.'" *Id.* "In contrast," the issue in *Empire Healthcare* was "fact-bound and situation specific." *Id.* at 701.

The Supreme Court found that although the *Empire Healthcare* plaintiff's claim involved a federal issue, that was not enough to impose federal jurisdiction over an otherwise state law claim. The Court emphasized that a "state court in which [the original] suit was lodged is competent to apply federal law, to the extent it is relevant, and would seem best positioned to determine" the remaining issues. *Id.* "In sum, *Grable* emphasized that it takes more than a federal element to open the 'arising under' door." *Id.*

The Sixth Circuit applied these cases in a tax law context in *Mikulski v. Centerior Energy*
PL. MOTION TO REMAND - 3
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

*Corp.*, 501 F.3d 555 (6th Cir. 2007) (en banc).  The Court held that just because interpretation of the Internal Revenue Code is necessary to resolve a state law claim, it did not mean a "substantial" federal question was involved.  *Id.* at 570.  The Court said *Empire Healthcare* identified the critical factors as follows (*id.* at 570-74):

> The Supreme Court has identified four aspects of a case or an issue that affect the substantiality of the federal interest in that case or issue: (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (*i.e.*, not trivial); (3) whether a decision on the federal question will resolve the case (*i.e.*, the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (*i.e.*, the issue is not anomalous or isolated).

Based on these factors, *Mikulski* held that there was no substantial federal question involved in the plaintiff's state law claim where the contract breach would be proven by the defendant's alleged violation of a federal tax code provision.  *Id.* at 568-73.  Moreover, the Court said "[e]ven if there were a significant federal interest, we find that the exercise of jurisdiction over this type of lawsuit would impermissibly disrupt the congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 573.

II. **THIS CASE HAS NONE OF THE FACTORS THAT, IN COMBINATION, PERMIT REMOVAL OF A STATE-LAW COMPLAINT AS A FEDERAL QUESTION CASE UNDER THE SUPREME COURT'S DECISIONS.**

A removing party bears the burden of establishing subject matter jurisdiction.  A case is presumed to arise under the law that creates the cause of action, which here is Washington law.  There is a very narrow exception where there is a substantial federal question in what is technically a state law complaint and there are important reasons for having a federal forum, as exemplified in *Grable* and *Empire Healthcare*.  None of the criteria for this narrow exception exist here.

Plaintiffs' complaint exclusively relies on state law in asserting a breach of contract.  The contract itself, *i.e.*, the retirement plan, incorporates tax law because the Internal Revenue Code provides rules for deferral of income tax on employment earnings and savings from investing those earnings.  IRC § 403(b).  The tax code's purpose is to encourage employees to save for

**PL. MOTION TO REMAND** - 4
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

retirement through employer-sponsored retirement plans. Because the purpose of these types of retirement plans, *i.e.*, defined contribution plans, is not fulfilled unless IRS plan qualification requirements are met, the plans require the plan administrator to comply with IRS requirements. While compliance with the tax code requirements is a necessary component of such plans, this does not make every government retirement plan case removable, as a private pension plan case is under ERISA.

Here the UW retirement plans, as defined contribution plans, explicitly refer to tax code provisions that it must comply with to be effective, *e.g.*, Longo Dec., Ex. A, pp. 2, 4, 10, 11, 13; Ex. B, pp. 9, 10, citing various IRC provisions. For example, Ex. A, p. 6, ¶4.11 says:

> Plan Contributions for a Participant for any calendar year, together with contributions for the Participant under any other plan subject to Section 402(g) and 415 of the Code, to the extent applicable, except as permitted by Code Section 414(v). The limitations of Code Sections 402(g), 414(v) and 415 are herein incorporated by reference.

Thus, tax code provisions in the plans are cited in the complaint to indicate some of the UW's *contractual* duties as plan administrator. Comp. at 3-4; Ex. A, p. 6, ¶4.11.[1] The UW states these are not contractual or fiduciary duties. UW Mot. to Dismiss at 6-11. It does not dispute that these tax code requirements are pertinent to underlying and enforcement of the plan as a contract, nor does it attack actions of the IRS. Whether these tax code requirements incorporated into the plan are *contractual* duties is a question of Washington law, and whether those duties were violated is a question of fact.

Furthermore, the UW states in its plans that they are governed by Washington law. Ex. A, p 13 ¶9.7 states:

> **Governing Law.** The provisions of the Plan are governed by and construed in accordance with the laws of the State of Washington.

Ex. B, p. 16 ¶10.6 states:

> **Governing Law.** Except as provided under federal law, the provisions of the

---

[1] The plan explicitly says the UW has a contractual duty to "advise the affected participants of any limitations on his or her plan contributions…" See also Comp. at ¶¶17-28.

**PL. MOTION TO REMAND** - 5
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

        Program are governed by and construed in accordance with the laws of the State of Washington.

In Washington, this incorporation of federal law into contracts by reference makes the provisions of federal law into provisions of the contract. *P.E.L. v. Premera Blue Cross*, No. 82800-2-I (November 21, 2022); *Vizcaino v. Microsoft*, 97 F.3d 1187, 1196-99 (9th Cir. 1996), 120 F.3d 1006, 1014 (9th Cir. 1997) (en banc), cert. denied, 522 U.S. 1098 (1998) (IRS § 423 expressly incorporated into employee stock purchase plan enforced under Washington contract law).

        Accordingly, none of the factors discussed in *Grable*, *Empire Healthcare*, and *Mikulski* are present in this case. Resolution of the claims here does not implicate any of those factors. This case does not affect the IRS in any way, challenge its actions, or assert that the IRS violated any statute or regulation. The tax law provisions are merely components of the contract claim (incorporated by reference in this context), and minor components of the contract at that. The case will be entirely resolved as a matter of governing Washington law, just as the plans themselves state (see p. 5 *supra*). Any discussions of federal tax law only incidentally relate to the contractual duties of the UW as plan administrator, bearing somewhat on interpretation of the contract. The outcome of the case will not control any other cases; each case of this nature will be fact-specific. The only issue potentially relevant to other cases is the UW's dubious argument that under Washington law it has no duty to administer the plan for the benefit of the plan beneficiaries. UW Mot. to Dismiss at 8-9.

        In addition, allowing removal because a contract governed by state law incorporates federal law, as UW maintains, would at least mean that, even though ERISA exempts government plans and such plans are governed by state law, every case involving a government retirement plan would be removable to federal court. This point is illustrated in several cases applying *Grable* and remanding cases to state court.

        In *Stechler v. Sidley Austin Brown & Wood*, 2006 WL 90916 (D. N.J. 2006), the plaintiffs brought a malpractice claim against a law firm for inducing them to engage in a tax shelter that the IRS later determined was unlawful. The defendant law firm removed the case to federal

**PL. MOTION TO REMAND** - 6
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

court on the basis that the claim required interpretation of federal tax law in determining whether the tax shelter violated that tax law. *Id.* at *5. The Court held that it would remand the case because the tax issue was minor and removal in such cases would open the federal courts to "any malpractice, breach of contract or other state law claim alleging…an unreasonable interpretation of federal law." *Id.* at *6.

The plaintiffs in *Martinez v. Transportation Management LLC*, 2008 WL 4951503 (C.D. Cal. 2008), brought claims for employee compensation, saying they were misclassified as "independent contractors." The Court noted "the extremely limited nature of the *Grable* exception." *Id.* at *3-*4. The defendant's argument—that plaintiffs' claim that the employer violated both state and federal tax law concerning independent contractor status raised a federal question—was rejected. *Id.* at *4-*5. The case was remanded.

In *Craddock v. Adon Network, Inc.*, 2011 WL 1601331 (S.D. W.V. 2011), the defendant removed a state law minimum wage case because the West Virginia minimum wage statute expressly incorporated the federal Fair Labor Standards Act definition of "employer," which made the definition a necessary element of the state-law complaint. The Court considered and applied the *Grable* factors (at some length) and determined that the federal element of the minimum wage claim raised an issue that was "fact-based and situation specific," citing *Empire Healthcare*, *supra*. *Id.* at *6. And it said that opening the federal courts to all West Virginia minimum wage cases with factual disputes over "employer" status would be contrary to congressional intent. *Id.* Accordingly, the case was remanded.

This case is significantly less related to federal law that any of these remanded cases. The plans reference federal tax law provisions and they are thus provisions of the contract. The state court will thus consider the incorporated tax code requirements as part of the contract itself. There is no basis for removal as "substantial" issue of federal law.

## CONCLUSION

Plaintiffs' motion to remand should be granted.

**PL. MOTION TO REMAND** - 7
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

1  DATED this 2nd day of December, 2022.

Respectfully submitted,

BENDICH, STOBAUGH & STRONG, P.C.


 /s/ Alexander F. Strong
Alexander F. Strong, WSBA #49839
Stephen K. Strong, WSBA #6299
David F. Stobaugh, WSBA #6376
126 NW Canal Street, Suite 100
Seattle, Washington  98107
(206) 622-3536
*Attorney for Plaintiffs*

**PL. MOTION TO REMAND** - 8
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot Remand 12-02-22

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

# DECLARATION OF SERVICE

I, Anders Forsgaard, declare that I effected service of the following documents on the parties listed below through the CM/ECF system:

Document(s):
Plaintiffs' Motion to Remand for Lack of Federal Jurisdiction

Parties:
Sheehan Sullivan, WSBA #33189
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206-622-3150
sheehansullivan@dwt.com

Amy Jane Longo (Pro Hac Vice)
Daniel V. Ward (Pro Hac Vice)
Logan Hovie (Pro Hac Vice)
Phillip Kraft (Pro Hac Vice)
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
310-975-3269
amy.longo@ropesgray.com
daniel.ward@ropesgray.com
logan.hovie@ropesgray.com
phillip.kraft@ropesgray.com

*Attorneys for University of Washington*

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of December, 2022.

                                               */s/ Anders Forsgaard*
                                               Anders Forsgaard
                                               aforsgaard@bs-s.com