**The Honorable Barbara J. Rothstein**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

MARSHALL HORWITZ, DAVID LAYTON, RICHARD JOHNSON, and a class of similarly situated individuals,

                Plaintiffs,

      v.

UNIVERSITY OF WASHINGTON, an agency of the STATE OF WASHINGTON,

              Defendant.

Case No. 2:22-cv-01555-BJR

**PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE TO OPPOSE DEFENDANT'S MOTION TO DISMISS UNTIL AFTER A DECISION ON PLAINTIFFS' MOTION TO REMAND**

## <u>MOTION</u>

      This action was brought by faculty and staff of the University of Washington ("the University") to obtain certain benefits due under the University's retirement plans, essentially the loss of employer matches in some circumstances not permitted by the plans.  Comp. at ¶¶8-35. Since the University is an agency of the State of Washington, this is a governmental plan subject to Washington law, not ERISA or other federal law.  *Id.* at ¶7; UW Mot. to Dismiss at 5, n. 6, citing *Navlet v. Port of Seattle*, 164 Wn.2d 818, 831 (2008).  The complaint asserts that the University violated its retirement plans, which are unilateral contracts governed by Washington law.  Comp. at ¶¶6-7.

      Because both Plaintiffs and Defendant UW agree this is a contract action brought under

**PL. MOTION FOR RELIEF FROM DEADLINE  -  1**
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot for Relief from Deadline 12-06-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

Washington law, Comp. at 7, UW Notice of Removal at 3, UW Mot. to Dismiss at 5, Plaintiffs

have moved to remand this case to King County Superior Court.  There is therefore good cause

to stay briefing and consideration of the University's motion to dismiss until this Court has

determined whether it has any jurisdiction to consider the motion.

Good cause exists to stay briefing and consideration of the University's motion to dismiss

because "a court must have jurisdiction over a claim before it can dismiss it." *Peterson v.*

*Kennewick*, 2018 WL 6573155, at * 3 (W.D. Wash. 2018).  This Court has explained that federal

courts should first consider the question of jurisdiction to prevent the entry of orders that would

be void for lack of jurisdiction (*id.* at *3):

> "To avoid entering a default [or other] judgment that can be later successfully
> attacked as void, a court should determine whether it has the power, i.e., the
> jurisdiction, to enter the judgment [or order] in the first place." *In re Tuli*, 172
> F.3d 707, 712 (9th Cir. 1999); see also Fed. R. Civ. P. 12(h)(3) ("If the court
> determines at any time that it lacks subject-matter jurisdiction, the court must
> dismiss the action."). Indeed, a district court has an "affirmative duty to look into
> its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d at
> 712.

In that action, the Court found that the case must remanded and denied pending motions by both

parties as moot because the Court lacked subject matter jurisdiction.  *Id.* at *5.

Given that the Court will first consider the motion to remand in order to determine

whether it has jurisdiction to consider the University's motion to dismiss, the Court should stay

briefing and consideration of the University's motion to dismiss until the jurisdictional issue has

been resolved.  In the alternative, if the Court wishes to set a certain date for the briefing of the

University's motion to dismiss, Plaintiffs request that the deadline to respond to the University's

motion to dismiss be extended to January 6, 2023.

Plaintiffs discussed their request to be relieved from the deadline to oppose the

Defendant's motion to dismiss.  The Defendant stated that it was not opposed to a reasonable

extension and would stipulate to an extension of time to respond to its motion to dismiss but did

oppose Plaintiffs' request on the basis that Plaintiffs' request would result in an indefinite

extension.  See A. Strong [12/6/22] Dec.

**PL. MOTION FOR RELIEF FROM DEADLINE** - 2
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot for Relief from Deadline 12-06-22

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

1    DATED this 6th day of December, 2022.

2                                          Respectfully submitted,

3                                          BENDICH, STOBAUGH & STRONG, P.C.

4

5                                           /s/ Alexander F. Strong
                                           Alexander F. Strong, WSBA #49839
6                                          126 NW Canal Street, Suite 100
                                           Seattle, Washington  98107
7                                          (206) 622-3536
                                           *Attorney for Plaintiffs*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PL. MOTION FOR RELIEF FROM DEADLINE  -  3**
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Mot for Relief from Deadline 12-06-22

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

## DECLARATION OF SERVICE

I, Anders Forsgaard, declare that I effected service of the following documents on the parties listed below through the CM/ECF system:

Document(s):
1. Plaintiffs' Motion for Relief from Deadline to Oppose Defendant's Motion to Dismiss Until After a Decision on Plaintiffs' Motion to Remand
2. Declaration of Alexander F. Strong

Parties:

Sheehan Sullivan, WSBA #33189
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206-622-3150
sheehansullivan@dwt.com

Amy Jane Longo (Pro Hac Vice)
Daniel V. Ward (Pro Hac Vice)
Logan Hovie (Pro Hac Vice)
Phillip Kraft (Pro Hac Vice)
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
310-975-3269
amy.longo@ropesgray.com
daniel.ward@ropesgray.com
logan.hovie@ropesgray.com
phillip.kraft@ropesgray.com

*Attorneys for University of Washington*

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of December, 2022.

_/s/ Anders Forsgaard_
Anders Forsgaard
aforsgaard@bs-s.com