The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL HORWITZ, DAVID LAYTON, RICHARD JOHNSON, and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, an agency of the STATE OF WASHINGTON,<br><br>Defendant. | Case No. 2:22-cv-01555-BJR<br><br>DECLARATION OF ALEXANDER F. STRONG IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE TO OPPOSE DEFENDANT'S MOTION TO DISMISS |

Alexander F. Strong testifies as follows:

1. I am Alexander F. Strong. I am one of the attorneys representing Marshall Horwitz, David Layton, Richard Johnson, and the putative class in this case.

2. I contacted Defendant's counsel regarding an extension of the deadline for Plaintiffs to oppose the Defendant's motion to dismiss until after the Court has determined whether or not it has jurisdiction one business day after Plaintiffs filed their motion for remand.

3. On December 6, 2022, I spoke with defense counsel Sheehan Sullivan on the phone regarding Plaintiffs' request. Ms. Sullivan informed me that I would receive the Defendant's answer within a few hours of that phone call via email.

4. Later on December 6, I received an email from defense counsel Amy Longo in

DECLARATION OF ALEXANDER F. STRONG - 1
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\A Strong Dec 12-06-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

which Ms. Longo stated that, "cognizant of the upcoming holidays, the University is amenable to a reasonable extension for Plaintiffs' opposition to the motion to dismiss…provided, however, that the University's reply in support of the motion to dismiss will be due 14 days after the opposition brief is filed."  Ms. Longo said, however, that "the University cannot agree to an indefinite extension for Plaintiffs' brief" because, "[i]n the University's view, the remand motion is unlikely to succeed…"

5. Ms. Longo noted that Plaintiffs had not included a certificate of conferral in their motion to remand.  Plaintiffs previously discussed on the phone with defense counsel Sheehan Sullivan that they intended to move to remand on November 4, 2022 just one day after the University removed this case on November 3, 2022.

6. After Plaintiffs further discussed the reasoning behind their request, defense counsel reiterated that the University would stipulate to an extension of the date to respond to the motion to dismiss but would not agree to an indefinite extension until after the Court considers Plaintiffs' motion to remand.

7. Additionally, Plaintiffs' counsel has been limited in its ability to respond to the motion to dismiss prior to the current deadline to respond to the Defendant's motion to dismiss. Each of Plaintiffs' counsel have had significant time out of the office in this period—one attorney had a long-planned month-long vacation that started just before the University removed the action, the other two were out of office because of illness and travel to visit with family for the Thanksgiving holiday respectively.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 6th day of December, 2022 at Seattle, Washington.

      */s/ Alexander F. Strong*
      Alexander F. Strong, WSBA #49839

DECLARATION OF ALEXANDER F. STRONG - 2
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\A Strong Dec 12-06-22

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536