The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL HORWITZ, DAVID LAYTON, RICHARD JOHNSON, and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, an agency of the STATE OF WASHINGTON,<br><br>Defendant. | Case No. 2:22-cv-01555-BJR |

**PLAINTIFFS' REPLY ON MOTION TO REMAND**

Alexander F. Strong, WSBA #49839
Stephen K. Strong, WSBA #6299
David F. Stobaugh, WSBA #6376
BENDICH, STOBAUGH & STRONG, P.C.
126 NW Canal Street, Suite 100
Seattle, Washington 98107
(206) 622-3536
*Attorney for Plaintiffs*

**PL. REPLY ON MOTION TO REMAND**
2:22-cv-01555-BJR

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON 98107
(206) 622-3536

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

REPLY

    A. UW fails to establish any of the strict criteria for removal of a state-law claim with a federal issue ..................................................................................................1

    B. Plaintiffs' complaint is entirely based on contract claims under Washington law ..............1

    C. There is no "necessarily raised" issue of federal law in this contract case .........................5

    D. There is no "actually disputed" issue of federal law in the complaint ...............................6

    E. Issues of federal tax law, if any, are not "substantial" ........................................................8

    F. Federal court jurisdiction here would conflict with the Congressional division of authority over retirement cases and would open the federal court to many kinds of routine state-law cases ........................................................................................................9

CONCLUSION .....................................................................................................................10

**PL. REPLY ON MOTION TO REMAND** - i
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

## INTRODUCTION

The University's discussion of Plaintiffs' claims in its opposition bears little resemblance to the actual claims in the complaint and its facts. The little it discusses seems to be only misunderstandings.

## REPLY

**A.    UW fails to establish any of the strict criteria for removal of a state-law claim with a federal issue.**

UW does not dispute that federal jurisdiction of a state law claim under *Grable v. Darue Engineering & Mfg.*, 545 US 308 (2005), is very narrow and few cases can be "squeezed into the slim category Grable exemplifies." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 US 677, 699 (2006). And UW's authority confirms that the removal statute on which it relies is strictly construed against removal. *Provincial Gov't of Marinduque v. Placer Dome*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, the removing party has the burden of establishing that removal is permitted by the statute. *Id.*

UW's arguments for *Grable*-type federal jurisdiction over a state law claim comes down to assertions that Plaintiffs rely exclusively on federal statutes to support their claim and that mere citations to federal statutes in a retirement plan make any question of the UW's compliance with the plan terms a federal question. Opp. 3, 8, 12. These arguments disregard the complaint's allegations. Looking at the complaint's allegations shows how UW fails to establish that this case meets the *Grable* grounds for removal. UW cannot establish any of the necessary criteria for removal of a state law claim.

**B.    Plaintiffs' complaint is entirely based on contract claims under Washington law.**

Plaintiffs are bringing a state law claim for breach of contract for employer matching retirement contributions. UW's duty to make employer-match retirement contributions arises from the University of Washington Retirement Plan (UWRP)—a unilateral contract UW has with certain employees. It is undisputed that UWRP is a governmental plan, is governed by state law rather than ERISA, and does not fall within the jurisdiction Congress created over ERISA-

PL. REPLY ON MOTION TO REMAND - 1
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON 98107
(206) 622-3536

covered retirement plans. Opp. 13.

Here, it is undisputed that UW has used voluntary employee contributions to reduce the amount of guaranteed employer matching contributions. Plaintiffs allege that this violates the retirement plan contract. Compl., ¶¶5-12, 23-28.

The complaint alleges, and UW agrees, that UW has a duty under UWRP to provide matching contributions. Compl, ¶8; Dkt. 13 at 4. Indeed, UW quoted UWRP's statement that "*UW will make a matching contribution.*" Dkt. 13 at 4, citing UWRP, § 4.1. As a matter of Washington law, the word "will" in this situation imposes a mandatory duty. *Duncan v. Alaska USA Fed. Credit Union, Inc.*, 148 Wn. App. 52, 63 (2008), citing *State v. Stivason,* 134 Wn. App. 648, 656 (2006); see also UW Mot., Dkt. 13 at 8 ("the UWRP provides the University *must match* participants' UWRP contributions"). This contract language and corresponding duty forms the basis of plaintiffs' Washington law contract claim—the Plan contains language imposing a mandatory duty on UW to provide matching employer contributions and it breached this duty by not paying all employer matches. See Compl. ¶28.

Further demonstrating that the dispute between the parties is about Washington contract law, UW defends its failure to provide the matching contributions based on its argument the contract authorizes UW to not provide mandatory matching contributions in certain situations. Opp. 2. The UW has another retirement plan that is voluntary, unlike the UWRP—the University Voluntary Investment Plan ("VIP"). The parties agree that optional contributions made to the UWRP and all contributions to the VIP are subject to IRS contribution limitations. Compl. ¶13; Opp. 2-3. Rather than disputing whether federal tax law imposes contribution limitations, the dispute between the parties is about what the UWRP and VIP allow UW to do when contribution limitations are approached.

Plaintiffs, in their complaint, cited a UWRP provision that required UW to "advise [any]

**PL. REPLY ON MOTION TO REMAND** - 2
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

affected participant of any limitations on his or her Plan Contributions required by this section." UWRP, § 4.11, quoted in Compl., ¶17. And the complaint recited UW's long-standing interpretation of its duty to advise plan participants and provide the promised matching contributions. For over a decade, UW informed UWRP participants whenever their VIP contributions would, if continued, begin to crowd out employer matching contributions. Compl. ¶¶24, 42-47. However, beginning in 2018, UW changed its payroll system which no longer flagged the contribution issue and UW ceased providing the same advice and opportunity to cease making VIP contributions that it had provided for over ten years. *Id*. ¶¶25, 46-53. UW repeatedly described this new payroll software issue as a mistake in conflict with their previous plan interpretation of UW's duty to advise. See Compl, ¶51 (stating there was a "failure to program the payroll override limits"), ¶53 (UW promising to "inform participants of [the] identified erorrs"), ¶65 (claiming UW had "new audit processes to ensure…employees can maximize their retirement"), ¶66 (UW fixing excessive VIP contributions "to ensure [plaintiff was] made whole"), ¶66 (UW promised to "check[] on your payroll deductions periodically…to ensure there are no [contribution issues] for [plaintiff] to be concerned about").

Moreover, the VIP provides that provides that VIP employee contributions are "*in addition to any contributions which may be made to the UWRP.*" Compl, ¶12; VIP, § 4.1. All of these contractual provisions (and the effect of UW's prior interpretations of the contract provisions) are undisputedly governed by state law.

Indeed, UW's motion to dismiss relies again on the contract language. Specifically, UW cites a specific section that provides "UW may, in its sole discretion, cause any contribution in excess of the foregoing limitations, adjusted for income, gains, losses or expenses attributable to such excess contribution, to be returned to UW or distributed to the Participant to the extent permitted by applicable law." UWRP 4.11 (excerpted by UW at Dkt. 13, p. 8). UW contends

**PL. REPLY ON MOTION TO REMAND** - 3
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

that this provision, as a matter of Washington contract law, gives it unfettered discretion under the contract to do whatever it wants when a contribution limitation is reached, even allowing it to ignore its other contractual duties.  Dkt. 13, p. 8; Opp. 2.

Whether, as UW contends, the contract's grant of some discretion to UW allows it to disregard or override contractual provisions is a question of Washington contract law. Washington courts interpret contracts by "viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties." *Matter of Est. of Petelle*, 195 Wn.2d 661, 671 (2020). Here, whether UW's defense that the provision granting UW some discretion should be read independently of the rest of the contract to give UW authority to ignore other express contract terms is an issue of Washington contract law that does not require any reference to federal tax law to decide.

The discussion of tax law in the complaint is not to assert a federal tax law claim (directly or by incorporation), but to explain the context underlying the contract which, as a matter of Washington law, is considered when interpreting the terms of the contract, such as defining the terms in the contract.  Here, the parties agree that the plans "are intended to be subject to Section 403(b) of the Internal Revenue Code" and thus the tax law is relevant, not to assert a breach of tax law, but only as part of the objective of the contract.  Under Washington law, the purpose of the contract provides meaning to UW's mandatory duty to provide employer contributions, its duty to "advise" participants about "excess contribution" issues, and its promise that any contributions made under the VIP are "in addition" to the UWRP contributions.

Plaintiffs' complaint also cited additional state law duties that bear on the interpretation of the at-issue terms in the contract.  For instance, plaintiffs cited Washington case law

**PL. REPLY ON MOTION TO REMAND** - 4
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

explaining that employees "rely on their employers for information regarding their benefits." Compl., ¶15, quoting *Samuelson v. Comm. Coll. Dist. No. 2*, 75 Wn. App. 340, 348 (1994). Plaintiffs also alleged that UW has a fiduciary duty under Washington law, which impacts the interpretation of UW's duties under the contract. Compl., ¶16. UW agrees that any fiduciary duty owed by UW is governed by Washington law. Dkt. 13 at 9.[1]

And, under Washington law, a party to a contract has a duty of good faith and fair dealing. The Washington Supreme Court explained that, under Washington law, the duty of good faith and fair dealing limits any discretionary authority of a party to interpret the contract (*Rekhter v. Wash. DSHS*, 180 Wn.2d 102, 113 (2014)):

> In particular, the duty of good faith and fair dealing arises when the contract gives one party discretionary authority to determine a contract term. The duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time. When asked to apply Washington law in this area, the Ninth Circuit concluded that good faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses. [Internal quotation marks and citations omitted.]

Thus, the extent of UW's purported authority to ignore other contract terms as part of its "discretion" is determined as a question of Washington contract law.

C.  **There is no "necessarily raised" issue of federal law in this contract case.**

UW concedes that it must show the complaint "necessarily raises" an issue of federal law in order for this Court to have jurisdiction under *Grable*. Opp. 5.

UW contends that '[w]hether IRS provisions impose a duty on plan administrators, owed to plan participants—and the scope and content of any such duty—is plainly a question of federal law, not fact; and is therefore 'necessarily raised' by Plaintiffs' contract claim." Opp. 6. In support, UW says that federal jurisdiction may exist over a state law claim where "the

---

[1] Whether a fiduciary duty exists under Washington law is usually a question of fact. *Liebergesell v. Evans*, 93 Wn.2d 881, 890-91 (1980).

**PL. REPLY ON MOTION TO REMAND  -  5**
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

vindication of a right under state law necessarily turn[s] on some construction of federal law." Opp. 6.  However, the core of this dispute depends entirely on Washington contract law and does not "necessarily raise" any issue of federal law.

As discussed above, Plaintiffs' complaint does not allege that any IRC provision imposed a duty to provide employer matching contributions; it is the contract governed by Washington law that imposes a mandatory duty to provide such contributions.  See *supra*, pp. 2-5  UW claims that "**the Complaint cites no express Plan provision** for this supposed contractual duty."  Opp. 1 (UW's bold and italics).  Actually, it is undisputed that the contract states that UW "will" provide employer matching contributions, it is undisputed that the contract states any VIP contributions are "in addition to" any UWRP employee and matching contributions, it is undisputed that UW owes a duty under the contract to advise any affected participant about contribution limitations, and it is undisputed that Washington law governs the existence and impact of UW's duties of good faith and fair dealing, fiduciary duty, and duty as an employer to inform employees accurately about employee benefits.  See *supra* pp 2-5.  Moreover, UW's defense also relies on a contractual provision that it asserts provides it unfettered discretion to interpret the plan terms as it will.  See Dkt. 13 at 8; Opp. 2.

UW's attempt to ignore the complaint's assertion of a state law contract claim and express citation to the plan terms in order to pigeon hole this state law contract dispute into a federal tax law issue should be rejected.

D. **There is no "actually disputed" issue of federal law in the complaint.**

UW concedes that it must show there is an "actual dispute" about interpretation of federal law in order for this Court to have jurisdiction under *Grable*.  Opp. 7.  It says the complaint shows "a dispute over federal tax law lies at the heart of this case."  Opp. 8.  But its "dispute" here is not over the meaning or interpretation of federal tax law, but whether the duties and actions alleged in the complaint arise from the contract or from tax law incorporated in the pertinent plan: "it is federal tax law, again, alone and through incorporation in the Plans" that constitute the UW's "violation of the contract terms and tax law."  *Id.*  See p. 2-5 *supra*.

PL. REPLY ON MOTION TO REMAND  -  6
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

The "actually disputed" issue, however, must be an *interpretation of federal law*, not just a reference to federal law in a complaint. *Grable*, 545 US at 315. But UW in its opposition does not actually identify any dispute about any federal statute. UW says that "[t]his suit has arisen…because the UWRP and the UWVIP…are subject to certain contribution caps." Opp. 3. Plaintiffs agree that the plans are subject to contribution caps—this is not in dispute. Compl., ¶13. UW further says that plaintiffs cite the IRS correction procedures and says that "the University disagrees" with plaintiffs' position on the correction procedures. Opp. 3. But the case law requires an "actual dispute," not an "alleged dispute" or "hypothetical dispute." UW does not identify any "actual" specific dispute about the correction procedures. Rather, the parties agree that the correction procedures guide plan administrators in fixing common plan mistakes. Compl. ¶20; Opp. 3.

Rather, UW actually disputes what its duties are under the Plan, disagreeing with the complaint and arguing that the plans provide it the "right to determine the manner in which excess contributions are distributed from retirement plans." Opp. 2, citing UWRP and VIP. In its motion UW similarly argues that mandatory duty to provide employer matching contributions is overridden because, according to UW, "[t]he Plans disclaim any such duty, providing that UW has the 'sole discretion' to return excess contributions." Dkt. 13 at 8, quoting UWRP and VIP. UW's opposition attempts to ignore this core dispute and assign plaintiffs a position they never asserted, saying "the only possible source of a claw-back duty alleged in the Complaint is federal tax law" and that plaintiffs allege federal tax law creates "a contractual duty for UW to ensure participants maximize their employer match". Opp. 2, 3. But what plaintiffs *do not* agree with is UW's interpretation of the plan under Washington contract law; plaintiffs *do not* assert that federal law creates a duty for the employer to maximize matching contributions.

As explained above, this is a complete misreading of the complaint. The complaint alleges that UW breached its contractual duty incorrectly having VIP "addition[al] contributions" crowd out mandatory UWRP employer matches and by failing to "advise" plan participants about such contribution limits as expressly required by the contract. See *supra* 2-4. UW cannot

**PL. REPLY ON MOTION TO REMAND** - 7
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

conjure an "actual dispute" about the interpretation of federal law by ignoring the real dispute about the interpretation of the contract and attempting to assign plaintiffs a position that they have never asserted.  UW's failure to identify any "actual dispute" about federal law independently precludes jurisdiction under *Grable*.

E. **Issues of federal tax law, if any, are not "substantial."**

UW concedes that it must show the issue of federal law raised in the state law claim must be "substantial."  Opp. 9.  It appears to recognize that the purported tax law dispute is not dispositive, arguing that "[t]he substantiality requirement does not mandate that the federal issue be dispositive."  *Id*.

While it is unclear how a federal issue could truly be "substantial" if it does not even resolve a claim, UW says that under *Grable* a federal issue should be "substantial" in two senses—(1) "the importance of the federal issue raised to the federal system as a whole, not to the parties or the case," and (2) in the case itself be the "predominating question" or "the critical question in dispute."  Opp. 9.  It maintains the issue of substantial importance to the federal government is where there are "substantial questions as to the interpretation…of a federal statute."  *Id.* 10.  And UW says the federal government has an interest in "availability of a federal forum for disputes impacting the entities they regulate going forward…even for state governmental plans that are not subject to ERISA."  *Id*.

First, UW's comment that this case is important to "the federal system as a whole" is simply preposterous.  UW again projects a position onto plaintiffs—"that federal excess contribution claw-back procedures…oblige plan administrators to alter participants' elective deferrals"—that plaintiffs do not hold.  Opp. 10.  As explained above, plaintiffs' complaint alleges that the *contract* imposes a mandatory duty to provide matching contributions and to advise plan participants of any contribution limitation issues.  See *supra* pp. 2-4.  Whether UW's contracts impose obligations to provide certain matching contributions and provide certain advice has no bearing on any other retirement plan and certainly does not "implicate[] the retirement plan industry as a whole."  Opp. 10.

PL. REPLY ON MOTION TO REMAND  -  8
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

Unlike in *Grable*, 545 U.S. at 314-15, where the solicitor general (as amicus curiae) argued for federal jurisdiction because the real issue in the quiet title action was actually the validity of IRS seizure to collect taxes, there is no federal agency that has, or purports to have, any interest in this action. And there is no reason to believe that the outcome here affects any other case or plan, especially with respect to federal tax law.

Indeed, because the dispute here about the interpretation of the contracts is not governed by federal tax law, UW's disagreement about ax law, assuming *arguendo* an actual disagreement exists, is not critical or dispositive in this action, let alone "substantial." UW's attempt to manufacture a "substantial" federal issue by attempting to create a disagreement over interpretation of tax law where none exists does not satisfy *Grable* and should be rejected.

**F.  Federal court jurisdiction here would conflict with the Congressional division of authority over retirement cases and would open the federal court to many kinds of routine state-law cases.**

UW seems to also contend that when a contractual duty to comply with federal tax law is placed in any contract, a party can "sue to enforce in state and federal court to the extent either has jurisdiction—even if the federal law provides no private right of action." Opp. 7. It cites *Vizcaino v. Microsoft*, 97 F.3d 1187, 1197-98 (9th Cir. 1996), for this point.[2] *Id.* This would mean any incorporation of federal law in a contract makes the case subject to federal question jurisdiction.

UW says it does not want to disrupt the federal-state balance, although it advocates for just the opposite. It recognizes that ERISA creates a distinction between private retirement plans and government retirement plans with respect to federal jurisdiction. Before ERISA, private employer pension cases were only in state court as contract cases, *e.g.*, *Jacoby v. Grays Harbor Ch. & Mfg.*, 77 Wn.2d 911 (1970). Since ERISA was enacted, there is federal jurisdiction over these cases. 29 USC § 1132(a).

---

[2] *Vizcaino* gives UW no support for federal question removal of state claims with tax issues under §§ 1331 and 1441(a). It was removed to federal court only because the complaint also included federal (ERISA) claims. 97 F.3d at 1192. That removal was allowed by 28 USC § 1441(c)(1). It was not a *Grable*-type case.

**PL. REPLY ON MOTION TO REMAND - 9**
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

But ERISA explicitly does *not* give the federal courts jurisdiction over government retirement plans.  29 USC § 1003(b)(1); -§ 1132(a); *Navlet v. Port of Seattle*, 164 Wn.2d 818, 834 (2008).  Consequently, these cases remain in state courts, *e.g.*, *Dolan v. King County*, 172 Wn.2d 299 (2011), unless they involve an explicit federal claim, *e.g.*, *Fowler v. Guerin*, 899 F.3d 1112 (9th Cir. 2018) (federal taking claim).

UW, however, now maintains that "[t]he IRS and the federal government generally have an interest in the availability of a federal forum for disputes impacting the entities they regulate [here, government pension plans] going forward." Opp. 10.  This argument is directly contrary to the division of authority set forth in ERISA.  If any retirement plan dispute necessarily raised a federal question, as UW argues, then Congress's explicit grant of discretion over ERISA claims and not governmental plan claims would be meaningless.

Moreover, many ordinary contracts and transactions have provisions dealing with tax issues, such as allocating gains and losses for tax purposes in a partnership or LLC, determining tax treatment of a transaction such as a merger or sale of business, and even estate planning documents include provisions concerning federal estate and income taxes.  Asserting federal jurisdiction over all disputes involving such transaction whenever they refer to or allocate parties' federal tax responsibilities or define appropriate federal tax treatment would bring massive numbers of state-law claims into federal court.

## **CONCLUSION**

UW's removal fails to meet any of the strict criteria for state-law claims with a federal issue.  Plaintiffs' motion to remand should be granted.

**PL. REPLY ON MOTION TO REMAND** - 10
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

BENDICH, STOBAUGH & STRONG, P.C.
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

1  DATED this 6th day of January, 2023.

Respectfully submitted,

BENDICH, STOBAUGH & STRONG, P.C.

 /s/ Alexander F. Strong
Alexander F. Strong, WSBA #49839
Stephen K. Strong, WSBA #6299
David F. Stobaugh, WSBA #6376
126 NW Canal Street, Suite 100
Seattle, Washington  98107
(206) 622-3536
*Attorney for Plaintiffs*

**PL. REPLY ON MOTION TO REMAND** - 11
2:22-cv-01555-BJR
\Horwitz\Federal\Pldgs\Reply on Mot Remand 01-06-23

**BENDICH, STOBAUGH & STRONG, P.C.**
126 NW CANAL STREET, SUITE 100
SEATTLE, WASHINGTON  98107
(206) 622-3536

# DECLARATION OF SERVICE

I, Anders Forsgaard, declare that I effected service of the following documents on the parties listed below through the CM/ECF system:

Document(s):
1. Plaintiffs' Reply on Motion to Remand

Parties:

Sheehan Sullivan, WSBA #33189
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206-622-3150
sheehansullivan@dwt.com

Amy Jane Longo (Pro Hac Vice)
Daniel V. Ward (Pro Hac Vice)
Logan Hovie (Pro Hac Vice)
Phillip Kraft (Pro Hac Vice)
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
310-975-3269
amy.longo@ropesgray.com
daniel.ward@ropesgray.com
logan.hovie@ropesgray.com
phillip.kraft@ropesgray.com

*Attorneys for University of Washington*

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of January, 2023.

                                                     */s/ Anders Forsgaard*
                                                    Anders Forsgaard
                                                    aforsgaard@bs-s.com